■ In the Matter of the Claim of WILLIAM ROGERS, Respondent, v DIC UNDERHILL-STARRET CONSTRUCTION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 14, 1976, which discharged the Special Disability Fund from liability. The referee found that claimant did not have the kind of disability that would be a permanent physical impairment, excluding the back injury which was still open, and summarily discharged the fund. The board affirmed the decision on the entire record and found that the facts in the case did not show a compliance with the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant was a laborer who sustained several serious industrial injuries. On December 12, 1963 he incurred a 25% schedule loss of his right foot. On June 17, 1971 he fell from a ladder and suffered a back injury. This case was still open at the time of the discharge of the Special Disability Fund and no award had been made in the matter. On October 15, 1974, a hearing was held on the back injury. The referee found that further treatment was indicated for the back condition based on the board doctor's conclusion that claimant had a moderate to marked partial disability. On October 16, 1974, claimant sustained an injury to his left ankle described as a fracture of the lateral malleolus with a questionable fracture of the tip of the medial malleolus of the left ankle. In January, 1975, Dr. Roth found the back and left ankle still disabling. The claim for reimbursement under subdivision 8 of section 15 of the Workmen's Compensation Law, filed on May 22, 1974, and amended on February 27, 1975, states that the prior back condition and the prior right ankle condition are the basis for the claim against the Special Fund. At a pretrial conference held on November 13, 1975, the referee discharged the Special Disability Fund and held that the claimant did not have such a disability to have a physical impairment. The board upheld the decision dismissing the Special

---

Disability Fund and found that the appellants had not complied with the provision of subdivision 8 of section 15 of the Workmen's Compensation Law. The decision of the board is not based on substantial evidence. The referee improvidently dismissed the claim for reimbursement without affording the appellant an opportunity to develop the facts as to whether the prior right ankle and back injuries combined with the injury to the left ankle resulted in a permanent disability caused by these conditions that is materially and substantially greater than that which would have resulted from the left ankle injury alone. Decision reversed, with costs to appellants, and matter remitted for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Kane, Larkin and Mikoll, JJ., concur.